## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEMAL A. CHEATHAM,
         Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
         Agency.

DOCKET NUMBER
DC-3330-15-0027-P-2

DATE: September 15, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jemal A. Cheatham</u>, Ruther Glen, Virginia, pro se.

<u>Jason A. VanWagner</u>, Andrews Air Force Base, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his motion for damages. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    In an initial decision dated October 31, 2014, the Board found that the agency had violated the appellant's rights under the Veterans Employment Opportunities Act of 1998 (VEOA) after the agency conceded that it had improperly failed to consider his application for a Supervisory Financial Administration Specialist position. *Cheatham v. Department of the Air Force*, MSPB Docket No. DC-3330-15-0027-I-1, Initial Decision (Oct. 31, 2014).[2] The Board ordered the agency to reconstruct the hiring process. *Id.* at 4. The Board subsequently granted the appellant's petition for enforcement of this order and, again, ordered the agency to reconstruct the hiring process. *Cheatham v. Department of the Air Force*, MSPB Docket No. DC-3330-15-0027-C-1, Initial Decision (Sept. 4, 2015). By final order dated March 16, 2016, the Board found the agency in compliance based on new evidence it submitted on petition for review of the compliance initial decision. *Cheatham v. Department of the Air*

---

[2] This initial decision became the Board's final decision on the merits after the Board dismissed the appellant's petition for review as withdrawn. *Cheatham v. Department of the Air Force*, MSPB Docket No. DC-3330-15-0027-I-1, Final Order (Dec. 23, 2014).

*Force*, MSPB Docket Nos. DC-3330-15-0027-C-1, DC-3330-15-0027-X-1, Final Order (Mar. 16, 2016). The Board found that the agency established compliance based on evidence that it had cancelled the initial certificate of eligibles which had erroneously excluded the appellant without making a selection from it and issued a new certificate including the appellant's name which was sent to the selecting official for consideration. *Id.* at 6. Another VEOA-eligible individual was selected over the appellant. *Id.* at 4, 6; *Cheatham v. Department of the Air Force*, MSPB Docket No. DC-3330-15-0027-C-1, Compliance Petition for Review File, Tab 3 at 6.

¶3        On March 16, 2016, the appellant filed a motion for damages. *Cheatham v. Department of the Air Force*, MSPB Docket No. DC-3330-15-0027-P-2, Damages File (P-2 DF), Tab 1.[3] The administrative judge denied the appellant's motion. P-2 DF, Tab 8, Initial Decision (ID). The administrative judge found that the appellant had not shown that he was entitled to lost wages or benefits because the Board previously found that the agency properly reconstructed the hiring process, but that even after allowing the appellant an opportunity to compete, he was not selected. ID at 2. The administrative judge further found that the appellant was not entitled to liquidated damages because it had never been determined that the agency's VEOA violation was willful. ID at 3.

¶4        The appellant has filed a petition for review of the initial decision in which he contends that he was denied discovery and a hearing at which to prove his entitlement to damages. *Cheatham v. Department of the Air Force*, MSPB Docket No. DC-3330-15-0027-P-2, Petition for Review (P-2 PFR) File, Tab 1. The agency has opposed the appellant's petition. P-2 PFR File, Tab 3.

---

[3] The appellant's initial motion for damages was dismissed without prejudice pending the Board's decision on petition for review in the compliance case. *Cheatham v. Department of the Air Force*, MSPB Docket No. DC-3330-15-0027-P-1, Initial Decision (Jan. 15, 2016).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The VEOA provision regarding damages states:   "[i]f the Merit Systems Protection Board . . . determines that an agency has violated a right described in section 3330a, the Board . . . shall order the agency to comply with such provisions and award compensation for any loss of wages or benefits suffered by the individual by reason of the violation involved.  If the Board . . . determines that such violation was willful, it shall award an amount equal to backpay as liquidated damages."  5 U.S.C. § 3330c(a); *see* 5 C.F.R. § 1208.25(a) (containing virtually identical language).

¶6      As the administrative judge properly found, the appellant did not suffer any lost wages or benefits as a result of the agency's VEOA violation because he was not selected for the position during the reconstructed hiring process.  ID at 2-3.  On review, the appellant argues that the administrative judge improperly determined that the agency's actions were not willful without allowing discovery or holding a hearing.  P-2 PFR File, Tab 1 at 4.  However, the Board has held that for an appellant to prevail on his request for liquidated damages under VEOA, he must prove that he is entitled to an award of lost wages or benefits because the statutory language provides no means of awarding liquidated damages absent an award of lost wages or benefits.  *See Williams v. Department of the Air Force*, 116 M.S.P.R. 245, ¶ 12 (2011), *overruled on other grounds by Weed v. Social Security Administration*, 124 M.S.P.R. 71, ¶ 14 (2016); *see also Dow v. General Services Administration*, 116 M.S.P.R. 369, ¶ 14 (2011).  Thus, to the extent the administrative judge failed to provide the appellant an opportunity to prove the agency's actions were willful, any error does not provide a basis for reversal.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  /s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.